UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMPATH KD KATTEPOGU, | Civil Action No. 17 CV 1485 (RA) |
| Plaintiff, | **ANSWER** |
| -against- | |
| TIME INC., | |
| Defendant. | |

Defendant Time Inc. ("Time Inc." or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., answers Plaintiff Sampath KD Kattepogu's Complaint as follows:

1.      In response to the first unnumbered paragraph contained on the first page of the Complaint, Defendant admits that Plaintiff purports to bring an action pursuant to the Americans with Disabilities Act of 1990 and the New York State Human Rights Law, but denies that it engaged in any unlawful conduct which would give rise to any cause of action or entitle Plaintiff to any relief whatsoever, and further denies that Plaintiff is entitled to any of the remedies he seeks.

## PARTIES IN THIS COMPLAINT

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph I(A) of the Complaint and therefore denies same.

3.      Denies the allegations contained in Paragraph I(B) of the Complaint, except admits that the address of Time Inc.'s Headquarters is 225 Liberty Street, New York, New York 10281, and its main telephone number is (212) 522-1212.

4.      Admits the allegations of Paragraph I(C) of the Complaint.

## STATEMENT OF CLAIM

5.      Denies the allegations set forth in Paragraph II(A) of the Complaint.

6.      Denies the allegations of Paragraph II(B) of the Complaint.

7.      Denies the allegations of Paragraph II(C) of the Complaint and states that Time Inc. never committed any discriminatory acts against Plaintiff.

8.      Denies the allegations of Paragraph II(D) of the Complaint.

9.      Denies the allegations in Paragraph II(E) of the Complaint, and respectfully refers the Court to the documents identified therein for a complete and accurate statement of their contents.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

10.     Denies the allegations contained in Paragraph III(A).

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph III(B) of the Complaint and therefore denies same, except admits that the Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter to Plaintiff, dated November 23, 2016.

## RELIEF

12.     Denies the allegations of the "Wherefore" Paragraph of the Complaint and states that Plaintiff is not entitled to recover any damages or relief against Time Inc. whatsoever.

13.     Denies the allegations of any other Paragraphs of the Complaint which are not specifically admitted herein.

## GENERAL DENIAL

14.     Any allegation not expressly admitted is denied.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without admitting any allegations asserted in the Complaint, Defendant asserts the following affirmative and other defenses.  Nothing stated in any of the following defenses

constitutes a concession that Defendant bears any burden of proof on any issue on which it would not otherwise bear such burden.

## FIRST DEFENSE

As a non-resident of the State of New York, Plaintiff is not entitled to proceed under the New York State Human Rights Law and, therefore, this Court lacks jurisdiction over any claims raised thereunder.

## SECOND DEFENSE

The Complaint fails to state a claim, in whole or in part, for which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or administrative filing periods.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that he failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for commencement of this action.

## FIFTH DEFENSE

Defendant engaged in good faith efforts to prevent and correct unlawful discrimination and to comply with the applicable anti-discrimination laws.

## SIXTH DEFENSE

Defendant exercised reasonable care to prevent and promptly corrected any alleged discriminatory behavior including, but not limited to, establishing a complaint policy and procedure, the substance of which was distributed and made available to all employees, which policy and procedure allows employees to make complaints and to seek appropriate redress.

## SEVENTH DEFENSE

Plaintiff was not disabled within the meaning of federal or state law.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he could not, without or without a reasonable accommodation, perform the essential functions of his job.

## NINTH DEFENSE

If, and to the extent that, Plaintiff was a person with a disability within the meaning of the Americans with Disabilities Act and/or the New York State Human Rights Law, Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of his job.

## TENTH DEFENSE

Defendant engaged in the interactive process with Plaintiff, and Plaintiff failed to reasonably engage in the interactive process and/or failed to satisfy his duty to cooperate and make a good faith effort in finding a reasonable accommodation.

## ELEVENTH DEFENSE

Defendant was not required to provide Plaintiff with any additional reasonable accommodation due to his alleged disability because doing so would have been unreasonable and/or caused Defendant an undue hardship.

## TWELFTH DEFENSE

Defendant's decisions and actions, or failures to act, if any, respecting Plaintiff were justified by legitimate, non-discriminatory and non-retaliatory reasons and were made in good faith and in compliance with all applicable laws, without malice, and wholly without regard for Plaintiff's protected classes, his having allegedly made complaints of discrimination or his having engaged in alleged protected conduct.

**THIRTEENTH DEFENSE**

To the extent it may later be determined that any person committed unlawful acts as alleged in the Complaint, which is expressly denied, such acts were committed without the knowledge of Defendant and without Defendant's authorization, ratification or notification, and to the extent that such persons were Defendant's employees, such acts were outside the scope of any employee's duties with Defendant.  Accordingly, Defendant is not liable under the doctrine of *respondeat superior* or otherwise for the alleged unlawful acts and conduct of any such persons.

**FOURTEENTH DEFENSE**

In the event Plaintiff can demonstrate that discrimination and/or retaliation was a motivating factor in any alleged employment decision that he challenges, he is not entitled to money damages, reinstatement or other relief because Defendant would have taken the same action in the absence of any such impermissible factor.

**FIFTEENTH DEFENSE**

Plaintiff's injuries, suffering or damages, if any, were caused by his own conduct and not by any violation by Defendant of any legal duty owed by Defendant to Plaintiff.  Plaintiff also unreasonably failed to take advantage of the preventative and corrective opportunities provided by Defendant or to otherwise avoid harm.

**SIXTEENTH DEFENSE**

Plaintiff's remedies are barred to the extent that he failed to mitigate his damages.

## SEVENTEENTH DEFENSE

To the extent Plaintiff engaged in conduct, which if known to Defendant would have resulted in the termination of his employment, Plaintiff's entitlement to damages is barred in whole or in part by the after-acquired evidence doctrine.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to exemplary or punitive damages because at no time did Defendant engage in discriminatory practices with reckless indifference to Plaintiff's rights.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this action.

**WHEREFORE**, Defendant Time Inc. respectfully requests this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Date:   August 21, 2017
        Melville, New York

Lisa M. Griffith
Daniel Gomez-Sanchez
LITTLER MENDELSON, P.C.
290 Broadhollow Road
Suite 305
Melville, NY  11747
631.247.4700

Attorneys for Defendant
   Time Inc.

-6-

-7-

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the Defendant Time Inc.'s Answer to be served on August 21, 2017, by first class mail, postage prepaid, upon the following:

Sampath KD Kattepogu
1409 Roper Mountain Road, Apt. 548
Greenville, South Carolina 29615

I hereby further certify that on August 21, 2017 I served a true and correct copy of the Defendant Time Inc.'s Answer via e-mail upon Sampath KD Kattepogu at the following e-mail address as designated by Plaintiff: sampath_kdk@hotmail.com.

Daniel Gomez-Sanchez

Firmwide:149513231.3 082596.1004